IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ARTURO LAVANE DEVEREAUX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-03274 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Arturo Lavane Devereaux's[1] Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 3). Because Petitioner is not entitled to relief, the § 2255 motion is DENIED.

### I. BACKGROUND

**A. Procedural Background Pertaining to Petitioner's Underlying Criminal Case.**

On August 1, 2007, Petitioner pleaded guilty to possession of at least five grams of cocaine base (crack) with intent to distribute

---

[1] Petitioner legally changed his name from Lenoyd D. Worthy to Arturo Lavane Devereaux. See July 12, 2016, text order.

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count I) and to the illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count II).

Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR). United States v. Worthy, Case No. 07-30066 (hereinafter, Crim.), PSR (d/e 15). Based on a prior conviction for a crime of violence (attempted residential burglary, Sangamon County, Illinois, Case No. 01-CF-270) and a prior conviction for a controlled substance offense (manufacture/delivery of a controlled substance, Sangamon County, Illinois, Case No. 01-CF-186), Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1. Id. ¶ 53; see also U.S.S.G. § 4B1.1 (2006) (providing that a defendant is a career offender if he is at least 18 years old when he committed the instant offense, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and that the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense).

A crime of violence is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one

year, that (1) has an element the use, attempted use, or threatened use of physical force against the person of another, (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). The residual clause is the third and final clause in the definition of a crime of violence. Id. Although the record indicates that United States District Judge Jeanne E. Scott relied upon the definition of a crime of violence to determine that Petitioner was a career offender, the record does not clearly state which clause Judge Scott used. Presumably, Judge Scott qualified attempted residential burglary as a crime of violence under the residual clause of the career offender guideline.

Due to the career offender designation, Petitioner's offense level increased from 33 to 34 and his criminal history designation increased from category V to category VI. Without the enhancement, Petitioner's guideline range would have been 210 to 262 months. However, with the career offender enhancement, the advisory sentencing guideline range was 262 to 327 months. Crim., PSR, ¶ 109. The statutory minimum sentence for Count I

was 120 months, and the statutory maximum term was life. Id. ¶ 108 (citing 21 U.S.C. § 841(b)(1)(B)). The statutory maximum sentence for Count II was 120 months. Id. ¶ 108 (citing 18 U.S.C. § 924(a)(2)). On November 26, 2007, Judge Scott determined that Petitioner was a career offender and sentenced him to 262 months' imprisonment on Count I and 120 months' imprisonment on Count II, to be served concurrently. Crim., Judgment (d/e 18). Defendant did not appeal his sentence.

**B.     Background Pertaining to Petitioner's § 2255 Motion**

In September 2015, Petitioner filed a § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. See d/e 1. The residual clause of the Armed Career Criminal Act defined a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that prevents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B)(ii). The Court subsequently appointed the Federal Public Defender's Office to represent the Petitioner. On February 26, 2016, Petitioner filed an amended § 2255 motion. See d/e 3.

Petitioner argues that the residual clause of the career offender guideline is unconstitutional because it is identical to the residual clause in the Armed Career Criminal Act. Therefore, Petitioner asserts that his sentence should be vacated because his attempted residential burglary conviction no longer qualifies as a crime of violence, which means he is not a career offender under the sentencing guidelines.

In response, the Government contends that the new substantive rule established by <u>Johnson</u> does not apply to the identically worded residual clause in the career offender guideline. Resp. at 34 (d/e 5). The Government raises additional arguments in its response but, because the Court is denying Petitioner's motion based on the Supreme Court's determination that <u>Johnson</u> does not apply to the residual clause of the career offender guideline, the Court need not address these other arguments.

On March 23, 2016, Petitioner filed a Reply to Government's Response to Petitioner's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255. <u>See</u> d/e 6. Petitioner asserts that <u>Johnson</u> is a new substantive rule applicable to the sentencing guidelines. The Court stayed this case pending a decision by the Seventh Circuit on

whether the holding in Johnson applied to the career offender guideline. See June 6, 2016, text order. In United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016), the Seventh Circuit held that Johnson applied to the career offender guideline; however, this case remained stayed pending the Supreme Court's determination of the issue.

## II. ANALYSIS

A prisoner claiming that his sentence violates the Constitution may move for the court "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a). Section 2255 motions are subject to a one-year period of limitations. 28 U.S.C. § 2255(f). Petitioner asserts his motion is timely under § 2255(f)(3) because he filed his motion within one year of Johnson. Section 2255(f)(3) is only applicable when a motion is filed within one year from the date the Supreme Court recognizes an asserted right made retroactive to cases on collateral review. 28 U.S.C. § 2255(f)(3). Johnson established a new substantive rule, retroactive to cases on collateral review, by overruling past precedent regarding the Armed Career Criminal Act's residual clause and changing "'the range of conduct or the class of persons that the [Act] punishes.'" Welch v. United

States, 136 S. Ct. 1257, 1265 (2016) (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). The Supreme Court issued its decision in Johnson on June 26, 2015. Petitioner filed his motion in September 2015, approximately three months after the Supreme Court decided Johnson and within the one-year period of limitations established by § 2255(f)(3). Therefore, Petitioner's motion is timely under § 2255(f)(3).

Having established that Petitioner's motion is timely, the Court now turns to the merits of Petitioner's Johnson claim. In Johnson, the petitioner received an enhanced sentence under the residual clause of the Armed Career Criminal Act because the trial court found that the petitioner's prior conviction for possession of a short-barreled shotgun qualified as a violent felony. Johnson, 135 S. Ct. at 2556. The petitioner challenged the trial court's decision, arguing that possession of a short-barreled shotgun did not qualify as a violent felony. Id. However, the residual clause provided no method to determine the risk needed to qualify criminal conduct as a violent felony. Id. at 2557-58. Instead of relying upon a case's facts or an elements test, the residual clause required judges to imagine an "ordinary case" and determine whether the acts

occurring in an ordinary case created "too much risk of physical injury." Id. at 2557. The Supreme Court determined that the residual clause provided no test or standard to prevent arbitrary decisions about which acts qualified as violent felonies. Id. at 2558-59. Therefore, the Court held that using the residual clause of the Armed Career Criminal Act to impose increased sentences violated due process rights and the Constitution's prohibition of vague criminal laws. Id. at 2557, 2563.

Vagueness challenges to the identical language in the career offender guideline's residual clause followed the decision in Johnson. The Seventh Circuit addressed this issue in United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016). Although the Seventh Circuit previously established that the sentencing guidelines could not be subject to vagueness challenges, the court overruled its prior holdings and applied Johnson to the residual clause of the career offender guideline, finding the clause unconstitutionally vague. Hurlburt, 835 F.3d at 725.

However, the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), abrogated Hurlburt and clarified that Johnson did not apply to the sentencing

guidelines. Beckles, 137 S. Ct. at 895. In Beckles, the petitioner's prior conviction for possession of a sawed-off shotgun resulted in an enhanced sentence as a career offender under the sentencing guidelines. Id. at 891. Relying on Johnson, the petitioner argued that the career offender guideline's residual clause was also void for vagueness. Id. The Supreme Court disagreed, holding that the sentencing guidelines are not subject to vagueness challenges under the Due Process Clause. Id. at 895. The Supreme Court found that, unlike the Armed Career Criminal Act, the sentencing guidelines do not involve concerns about notice or arbitrary enforcement. Id. at 894. Instead, the sentencing guidelines are advisory and "merely guide" the "court's discretion in choosing an appropriate sentence within the statutory range." Id. at 892. Furthermore, the sentencing guidelines do not specify conduct or establish the range of punishment for any crime and are no longer mandatory following United States v. Booker, 543. U.S. 220 (2005). Beckles, 137 S. Ct. at 894-95. Therefore, due process rights are not violated by sentences based upon the residual clause of the career offender guideline. Id. at 892.

In the instant case, Beckles forecloses Petitioner's argument that Johnson applies to the residual clause of the career offender guideline. Although attempted residential burglary is no longer a violent felony under the Armed Career Criminal Act, the offense still qualifies as a crime of violence under the residual clause of the career offender guideline in effect at the time of Petitioner's sentencing. The Court properly utilized Petitioner's criminal history, including his conviction for attempted residential burglary, in sentencing Petitioner as a career offender and imposed a sentence well below the statutory maximum. Therefore, although Petitioner's motion is timely, Petitioner is not entitled to relief.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional

right. Therefore, the Court declines to issue a certificate of appealability.

### IV. **CONCLUSION**

For the reasons stated, Petitioner Arturo Lavane Devereaux's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 3) is DENIED. Petitioner's Motion Pursuant to 28 U.S.C § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence (d/e 1) is DENIED as MOOT. The Court declines to issue a certificate of appealability. This case is CLOSED.

ENTER: August 22, 2017

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE